**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruth LILLARD, Defendant–Appellant.**

No. 02–6502.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2003.

Charles P. Wisdom, Jr., David A. Marye, John Patrick Grant, Asst. U.S. Attorneys, Lexington, KY, Martin L. Hatfield, Asst. U.S. Attorney, London, KY, for Plaintiff–Appellee.

Ruth Lillard, pro se, Tallahassee, FL, Melanie B. Walls, Cincinnati, OH, for Defendant–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Ruth Lillard appeals her conviction and sentence. The parties waive oral argument. Upon examination, this panel unan-

imously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lillard and her boyfriend abducted Michael Jones at knife-point during the test drive of a vehicle Jones had for sale. Jones eventually managed to escape. When Lillard was arrested a week later, she had a gun and knife in her purse and another knife hidden in her bra. Before trial, Lillard moved in limine to exclude the introduction of the gun and knives into evidence as non-probative of guilt under Fed.R.Evid. 404(b), and, in the alternative, unfairly prejudicial under Fed.R.Evid. 403. The district court ruled that evidence of the pistol might create some unfair prejudice and excluded evidence of the pistol from the government's case-in-chief. However, the district court expressly opined that evidence of the pistol would be relevant if Lillard raised duress or coercion as her defense at trial.

Lillard asserted at trial that her boyfriend coerced her into participating in the crimes, the district court allowed evidence of the gun to be admitted, and the jury found Lillard guilty of kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2, car jacking in violation of 18 U.S.C. §§ 2119 and 2, and transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. §§ 2312 and 2. The district court sentenced Lillard to 168 months of imprisonment and three years of supervised release. Lillard appeals.

In her timely appeal, Lillard contends that: 1) the district court erred in admitting evidence of the gun; 2) the district court abused its discretion by refusing to depart downward from the applicable guideline range; and 3) the district court abused its discretion by imposing a two point enhancement for obstruction of justice. The parties have filed briefs in which they expressly waive oral argument.

The standard of review as to evidentiary issues is abuse of discretion. *United States v. Mick*, 263 F.3d 553 (6th Cir.2001); *United States v. Mack*, 258 F.3d 548 (6th Cir.2001). A district court is considered to have abused its discretion when this court is "left with the definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir.2002) (quoting *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir.2000)).

■ Upon review, we conclude that the district court did not abuse its discretion. The district court properly held that evidence of the pistol was admissible only to rebut Lillard's coercion defense. Lillard testified that her boyfriend forced her to accompany him during the crimes and up to the time of their arrest. The pistol in Lillard's possession was relevant to prove that she was not coerced by her boyfriend. She could have used the pistol to escape prior to her arrest. Thus, carrying the pistol in her purse at the time of arrest showed that Lillard voluntarily accompanied her boyfriend and that she voluntarily participated in the crimes.

■ Lillard's second argument on appeal is not cognizable. She contends that the district court erred in not departing downward under USSG §§ 5K2.0 and 5H1.3. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of

its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motions based on the facts and not on the ground that it lacked authority to depart (J.A. 121). Accordingly, this court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

■ Finally, we conclude that the district court did not err in imposing a sentence enhancement for obstruction of justice. We use a three-step process to review a district court's decision to impose a sentence enhancement for obstruction of justice pursuant to section 3C1.1. *United States v. Chance,* 306 F.3d 356, 389 (6th Cir.2002). First, we review for clear error the district court's findings of fact underlying the enhancement. *Id.* Second, we review de novo the district court's conclusion that the facts constitute obstruction of justice. *Id.* Third, we review de novo the application of the enhancement. *Id.*

A district court must: "1) identify those particular portions of defendant's testimony that it considers to be perjurious; and 2) either make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury." *United States v. Lawrence,* 308 F.3d 623, 632 (6th Cir.2002). "Where the testimony appears to be 'pervasively perjurious' the trial court is not required to cite the perjury line-by-line if its findings encompass the factual predicates for finding perjury." *Chance,* 306 F.3d at 390. Perjury is "false testimony concerning a material matter with the willful intent to provide false tes-

timony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

The district court identified the statements that it considered perjurious—Lillard's claim that she feared her boyfriend, her claim that she tried to escape from him, and her claim that she did not threaten Michael Jones—and found that those statements met the elements of perjury. In making this finding, the district court primarily relied on the testimony of Michael Jones and the fact that Lillard was in possession of a gun and knives a week after committing the crimes against Jones. As such, the district court's statement satisfies the *Lawrence* requirements. *See Lawrence,* 308 F.3d at 632.

Accordingly, the district court's judgment is hereby affirmed.