**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Allen LAWRENCE, Jr., Defendant–Appellant.**

No. 03–5814.

United States Court of Appeals, Sixth Circuit.

March 1, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Allen Lawrence, Jr., pro se, Glenville, WV, for Defendant–Appellant.

Before: ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Allen Lawrence, Jr., was sentenced to a total of 548 months of imprisonment after a jury found him guilty of committing seven different drug and firearm felonies. A panel of this court affirmed in part, and vacated and remanded in part for resentencing, on direct appeal. *United States v. Lawrence*, 308 F.3d 623 (6th Cir.2002). The district court held a sentencing hearing on remand and imposed a new sentence of 234 months of imprisonment and a five-year period of supervised release. This appeal followed.

Counsel for Lawrence filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lawrence was served with this motion and a copy of the brief and was invited to respond.

Lawrence's conviction was based on proof that police officers searched his home and discovered cocaine, crack cocaine, drug paraphernalia, a machine gun and other firearms. On appeal, a panel of this court reversed one of the firearms convictions, vacated one of the firearms convictions, and vacated a guideline sentencing enhancement for obstruction of justice. *Lawrence*, 308 F.3d at 635.

The parties subsequently appeared before the district court for arguments on resentencing. The district court enter-

tained motions for sentencing departures from each party. During these discussions, counsel for the United States was commenting on the state of Lawrence's mental health when the district court noted that Lawrence has been "a practicing vampire since he was 13 years of age." This is apparently an accurate characterization of Lawrence's lifestyle and echoes earlier observations by the district court at Lawrence's initial sentencing and at the rearraignment of co-defendant Young. Neither Lawrence nor his counsel made any comment about this, or any of the earlier, observations with regard to Lawrence's professed vampirism. The district court proceeded to deny both departure motions and sentenced Lawrence to an aggregate 234 month sentence without objection from either party.

Counsel for Lawrence sets forth one arguable issue for appellate review, namely, that the district court's gratuitous observations concerning Lawrence's vampirism demonstrated bias to such a degree that the court should have recused itself from the proceedings. Counsel acknowledges that no such motion, or even a mild protest, was ever raised in the district court.

The appeal is meritless. Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge must recuse himself only "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States,* 899 F.2d 1495, 1501 (6th Cir.1990). In the case at bar, Lawrence did not make a motion for recusal. The district court's failure to recuse itself in this case will therefore be reviewed for plain error. "Plain error review is narrow in scope, involving (1) an error (2) that is plain and (3) that affects the defendant's substantial rights." *United States v. Cleaves,* 299 F.3d 564, 567–68 (6th Cir.2002) (citations omitted). This court will reverse a decision on the basis of plain error only if it has a serious effect upon the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations omitted).

There is absolutely no support for the suggestion that the district court's fact-based, and whimsical, observations concerning Lawrence's vampirism cast any substantial doubt on the fairness or the integrity of the proceedings on appeal. This facet of Lawrence's life was merely considered in the context of his mental health and for its novelty. The district court followed the dictates of the Sixth Circuit to the letter on remand. In so doing, Lawrence received a significantly reduced sentence of imprisonment. There are no errors alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.