KAREN NELSON MOORE, Circuit Judge,
concurring in judgment as to conviction, dissenting as to sentence.
While I concur in the majority’s judgment as to Rhodes’s conviction, I respectfully dissent from its holding that the district court made sufficient findings to support the obstruction-of-justice sentencing enhancement. I would therefore affirm Rhodes’s conviction but vacate his sentence.
Rhodes was convicted of two counts, felon in possession of a firearm and felon in possession of ammunition. The parties agreed that under the Sentencing Guidelines, the base level for these offenses was 20 and that Rhodes fell into criminal history category III. Rhodes Br. at 15. The *796 district court applied two enhancements to Rhodes’s base level: 4 points because Rhodes possessed a firearm in connection with another felony; and 2 points because Rhodes obstructed justice by perjuring himself on the stand at his trial. Id. This 2-point enhancement for obstruction of justice as delineated by § 3C1.1 of the Sentencing Guidelines is at issue on appeal.
As the majority correctly notes, the Supreme Court has approved the use of this enhancement only when certain conditions are met. See United States v. Dunnigan, 507 U.S. 87, 94-95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).** This court has built on those conditions and has articulated the following test:
For a district court to enhance a defendant’s sentence under § 3C1.1, the court must: 1) identify those particular portions of defendant’s testimony that it considers to be perjurious; and 2) either make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury.
United States v. Lawrence, 308 F.3d 623, 632 (6th Cir.2002); see also United States v. Paulette, 457 F.3d 601, 606-07 (6th Cir.2006). In Lawrence, we cited Dunnigan and explained that this analysis requires the district court to “review the evidence and make independent findings necessary to establish a willful impediment to or the obstruction of justice resulting from defendant’s perjury.” Lawrence, 308 F.3d at 632 (emphasis added).
I disagree with the majority’s application of these well-established standards. The majority states that the district court set out the factual predicates of perjury as required, but “simply neglected to name the three legal elements of perjury.” Maj. Op. at 795. As required by our caselaw, the district court did isolate Rhodes’s statements regarding the ammunition and identified this as the testimony that the court found to be perjurious. However, after identifying the testimony it considered to constitute perjury, the district court failed to undertake the independent examination required. See United States v. Chance, 306 F.3d 356, 390 (6th Cir.2002) (“The district court is required to ‘review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same under the perjury definition [the Court has] set out.’” (emphasis added) (quoting Dtmnigan, 507 U.S. at 95, 113 S.Ct. 1111)); Lawrence, 308 F.3d at 632. In making this independent finding of perjury, “[t]he district court may not rely solely on the jury’s verdict.” Chance, 306 F.3d at 389-90.
Contrary to the majority’s assertion, the district court failed to make a sufficiently independent finding of perjury. At the outset of its decision to apply the obstruction-of-justice enhancement, the district court stated that it was considering the jury’s verdict of guilty in making its determination. Beyond this reliance on the jury’s verdict, the district court failed to set out independent reasons for determining that Rhodes had perjured himself. The district court’s observation that the ammunition was in Rhodes’s bedroom followed by a conclusory statement that it *797 was “pretty clear that [Rhodes] had control and possession over the ammunition” is not a sufficient independent finding of perjury. Joint Appendix at 307 (Sent. Hr’g Tr. at 67). “Magic words” regarding perjury may not be necessary, but in order to ensure that this enhancement is not automatically given to defendants who are found guilty after testifying, the district court must detail the specific evidence that caused it to find, independent of the jury verdict, that the defendant’s testimony was perjurious. See, e.g., United States v. Comer, 93 F.3d 1271, 1282-83 (6th Cir.1996) (finding judge’s independent review sufficient where judge specifically identified defendant’s statements and delineated the evidence from trial that led judge to believe defendant had perjured himself and merited obstruction-of-justice enhancement). The district court cannot rest on conclusory statements that, overall, the evidence was contrary to the defendant’s testimony, and we cannot fill the gap by guessing what the district court’s reasons may have been. See, e.g., Lawrence, 308 F.3d at 633 (“It will not be enough, therefore, for a court to recognize conflicting testimony and to resolve, in its own mind, which witness is credible; nor will it be sufficient for a sentencing judge to broadly consider everything defendant said at trial to be perjurious. The district court must be specific.” (citation omitted)); Chance, 306 F.3d at 390 (“We are not permitted to review the record independently to make our own findings and then infer that the district court had the same statements in mind.”); United States v. McRae, 156 F.3d 708, 713 (6th Cir.1998) (“The [obstruction-of-justice] enhancement may not be affirmed on an inference that the ruling was based upon the government’s arguments.”).
Because the district court failed to conduct the required, independent analysis of the evidence presented at trial before imposing the obstruction-of-justice sentence enhancement, I would vacate Rhodes’s sentence and remand for resentencing in light of this opinion.

 I note that the Supreme Court has recognized that its subsequent holding in United. States v. Booker limits Dunnigan and prohibits district courts from using the enhancement for obstruction of justice to increase a defendant's sentence beyond the statutory maximum authorized by the jury’s verdict. United States v. Booker, 543 U.S. 220, 239-40, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Here the statutory maximum is ten years on each count, so Rhodes’s sentence of 78 months does not raise this problem. See 18 U.S.C. § 924(a)(2).