NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0009n.06

No. 09-5887

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 04, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| **MANUEL LEE PATTON** | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant.* | ) | |
| | ) | |

BEFORE:    SUHRHEINRICH, COLE, and COOK, Circuit Judges.

**PER CURIAM.** Defendant-Appellant Manuel Lee Patton pleaded guilty to being a felon

in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) for which the district

court sentenced him to one-hundred and eighty months' imprisonment. Patton appeals the district

court's denial of his motion to suppress, a right reserved in his plea agreement. We **AFFIRM** the

district court's decision for the reasons that follow.

**I.**

Officers from the Narcotics Enforcement Unit of the Lexington Police Department executed

a search warrant at the residence of Manuel Lee Patton on September 18, 2008 and discovered

cocaine residue on a digital scale, a loaded gun, and ammunition.

The affidavit in support of the warrant stated, among other things, that two Lexington police

officers noticed a large volume of traffic coming in and out of Patton's residence on Royal Troon Road. The officers reported these observations to a sergeant who had the officers conduct a search of the garbage in front of the Royal Troon address. The trash search yielded a white substance which field-tested positive for cocaine, remnants of hand-rolled marijuana cigarettes, marijuana seeds and stems, and a plastic bag containing marijuana residue. The sergeant's contemporaneous search of a license plate database revealed that a car regularly present at the Royal Troon residence was registered to Patton and that Patton had a history of drug trafficking.

After the garbage search, the sergeant conveyed the officers' discovery to a detective, who latter served as the warrant affiant. The detective then ran Patton's name through a police database and found that a qualified confidential informant had stated that Patton was a primary customer of a distributor of illegal drugs who sold between ten and fifteen kilograms of cocaine per month. The detective also located Patton's prior criminal history and found that he had been convicted of first degree drug trafficking in 2002 and found guilty of marijuana possession in 2003. Relying on the detective's affidavit, a Fayette County District Court Judge issued a warrant to search the Royal Troon residence on September 17, 2008 at 9:25 p.m.

Patton challenged the constitutional adequacy of the detective's affidavit and the accuracy of the facts underlying it before the district court in a motion to suppress. The district court held a suppression hearing on April 8, 2009, at the conclusion of which it found that the there were no inconsistencies between the testimony presented at the hearing and the statements made in the warrant affidavit, and that the facts stated in the affidavit provided probable cause to search Patton's home. The district court denied the motion in a separate order issued April 9, 2009. This appeal

followed.

## **II.**

We review the district court's factual findings for clear error and may affirm the denial of a motion to suppress on any grounds supported by the record; conclusions of law are reviewed de novo. *See United States v. Quinney*, 583 F.3d 891, 893 (6th Cir. 2009); *United States v. Allen*, 106 F.3d 695, 700 n.4 (6th Cir. 1997). Evidence supporting the district court's determination must be seen "in the light most likely to support the district court's decision." *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999) (internal quotation marks omitted).

The Fourth Amendment to the U.S. Constitution provides, among other things, that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The warrant executed at Patton's home did not comply with these requirements, he urges, because the affidavit offered in support of the warrant's issue did not set out facts sufficient to establish probable cause. Patton raises a litany of purported errors and omissions in the affidavit: it (1) relies crucially on information from a confidential informant, but fails adequately to corroborate the informant's tip or otherwise establish that the informant was reliable; (2) does not establish a time-frame cabining the confidential informant's claim that Patton was a principal customer of a large-scale cocaine dealer; (3) does not set forth the dates when officers observed suspicious behavior at Patton's residence; (4) provides no basis to establish that the officers could identify marijuana residue, seeds, and the remains of hand-rolled marijuana cigarettes; and (5) overstates Patton's criminal history.

"Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quoting *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (per curiam)). An affidavit meets this mark when it provides the judge issuing the warrant "'with a substantial basis for determining the existence of probable cause.'" *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). On review, "we look only to the four corners of the affidavit; information known to the officer but not conveyed to the [issuing judge] is irrelevant." *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010).

All of Patton's arguments are unpersuasive. The affidavit here might have been more detailed, but it is constitutionally adequate. Even if we were to credit Patton's first two arguments regarding the confidential informant and excise that material from the affidavit, the remaining statements sufficiently establish probable cause. *See United States v. Hinojosa*, 606 F.3d 875, 885 (6th Cir. 2010) (analyzing affidavit in support of search warrant without reference to allegedly offending portions and finding probable cause). Indeed, Patton does not challenge the legality of the search of garbage obtained from the front of his residence, though it is that inspection that uncovered the most incriminating evidence. A white substance which field-tested positive for cocaine, remnants of hand-rolled marijuana cigarettes, marijuana seeds and stems, and a plastic bag containing marijuana residue were found by the officers who looked through Patton's trash. These items standing alone indicate a "fair probability . . . that . . . evidence of" drug possession, consumption or distribution would turn up in a search of Patton's home. *Davidson*, 936 F.2d at 859

(internal quotation marks omitted). We have upheld a warrant issued on similar grounds. In *United States v. Lawrence*, 308 F.3d 623 (6th Cir. 2002), we found that the discovery of plastic bags containing wrappers with cocaine residue in the defendant's trash sufficiently established probable cause—even after disregarding the confidential tip that precipitated the garbage search. *Id.* at 627.

Patton's effort to minimize the significance of the drug evidence by noting that the affidavit does not establish that the officers could identify marijuana by sight is unavailing. The totality of the circumstances inquiry follows a common sense approach to evaluating the "'veracity' and 'basis of knowledge' of persons supplying hearsay information'" to a warrant affiant. *Hinojosa*, 606 F.3d at 885 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Given the relative typicality of arrests for marijuana possession and distribution, it is reasonable for a court evaluating a warrant affidavit to assume that a police officer—particularly one told by a superior to search for drugs—could identify marijuana residue, seeds, stems and cigarettes by smell and sight with a fair degree of accuracy. Moreover, Patton did not cite a single case supporting his argument, and we could not find one to bolster it either.

With probable cause clinched by the drug detritus found in Patton's trash, his complaint that the affidavit did not specify the dates or times of day that the police witnessed traffic moving in and out of his residence is of no moment. Again, we evaluate probable cause by considering the totality of the circumstances. *See Helton*, 314 F.3d at 819. While the details Patton notes might have aided the issuing court's analysis, their absence does not defeat the warrant. Moreover, the statements about traffic are particularly irrelevant to the probable cause analysis here because they *preceded* the trash search—which Patton does not challenge—and which established definitively probable cause

to search Patton's residence.

Patton's protest that the affidavit did not accurately portray his criminal history because it failed specifically to indicate that he "had not been in any trouble" since 2003 is baseless. The affidavit reports Patton's criminal history and specifies that his most recent conviction was for marijuana possession in 2003. From this information the court could deduce that Patton had not been charged or convicted of a crime since that year—precisely the fact that Patton claims the affidavit omits. So Patton's objection boils down to style, but the Fourth Amendment does not require the police to seek warrants using the language those subject to them would prefer. Patton's criminal history was accurately represented in the affidavit and that is all that is required.

Because we find that the warrant to search Patton's residence was supported by probable cause, we need not reach whether the good faith exception to the exclusionary rule would apply in this case. *See United States v. Leon*, 468 U.S. 897 (1984). Even so, we briefly address an issue that Patton raises in his *Leon* argument. Patton asserts that the warrant affidavit falsely states that the garbage search yielded a plastic bag with the corners cut off, and that a large amount of traffic consistent with an inference of drug trafficking was observed coming and going from Patton's residence. The district court found that these statements in the affidavit were supported by the testimony of the officers who took the witness stand at the suppression hearing, a finding we review for clear error. *See Quinney*, 583 F.3d at 893. While it does appear from the record that the officers found two plastic bag corners, rather than a plastic bag with corners missing, that minor discrepancy does not invalidate the warrant. (*See* Suppression Hr'g Tr., Dist. Ct. Doc. No. 44, at 25.) Just as probable cause remains if we exclude the testimony of the confidential informant from the calculus,

it also exists if we excise the plastic bag with corners missing.

As for Patton's complaint that the traffic in and out of his residence was exaggerated, the district court did not find it so and the record supports that finding; it reflects, among other relevant facts, that the officers observed "vehicles coming and going . . . [at] all hours of the night" from Patton's residence. (Suppression Hr'g Tr., Dist. Ct. Doc. No. 44, at 23.) Though such movements might admit an innocent explanation, that does not mean the affidavit's characterization of the traffic is inaccurate or that the district court's decision to credit that interpretation was wrong.

## V.  CONCLUSION

Because probable cause supported the issuance of the warrant, we **AFFIRM** the district court's denial of the motion to suppress.