**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0224n.06

No. 11-6555

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS | | **FILED** |
| FOR THE SIXTH CIRCUIT | | *Mar 04, 2013* |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff-Appellee,　　　　　　　)　　　ON APPEAL FROM THE
　　　　　　　　　　　　　　　　　　　　　　)　　　UNITED STATES DISTRICT
v.　　　　　　　　　　　　　　　　　　　　　)　　　COURT FOR THE WESTERN
　　　　　　　　　　　　　　　　　　　　　　)　　　DISTRICT OF TENNESSEE
ANTHONY PAYTON, aka Anthony Tabor,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant-Appellant.　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)


BEFORE:  BOGGS, MOORE, and SUTTON, Circuit Judges.


PER CURIAM.  Anthony Payton appeals the district court's application of the obstruction-of-justice enhancement under USSG § 3C1.1.  As set forth below, we affirm Payton's sentence.

Following the denial of his motion to suppress, Payton pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).  At sentencing, the district court increased Payton's offense level by two levels for obstruction of justice based on Payton's allegedly false testimony during the suppression hearing that he consented to the search of his automobile's trunk only because the officer pulled his gun out.  The district court, after granting a three-level reduction for acceptance of responsibility, sentenced Payton to seventy-eight months of imprisonment.  Payton now appeals the two-level increase for obstruction of justice, asserting that the district court applied

the wrong standard, that his testimony was not willfully false, and that his testimony was not material.

USSG § 3C1.1 provides for a two-level increase in a defendant's offense level "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." We review the district court's findings of fact with respect to the obstruction-of-justice enhancement for clear error and its determination of whether the facts constitute obstruction and its application of the enhancement de novo. *United States v. Watkins*, 691 F.3d 841, 851 (6th Cir. 2012).

Obstruction of justice includes "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a judge or magistrate judge." USSG § 3C1.1, cmt. n.4(B) & (F). To impose the obstruction-of-justice enhancement based on perjury, the district court must: "1) identify those particular portions of defendant's testimony that it considers to be perjurious; and 2) either make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury." *United States v. Lawrence*, 308 F.3d 623, 632 (6th Cir. 2002). The elements of perjury are: "(1) a false statement under oath (2) concerning a material matter (3) with the willful intent to provide false testimony." *Watkins*, 691 F.3d at 851.

Payton contends that the district court applied the wrong standard, failing to find that he

*willfully* provided false testimony. In applying the obstruction-of-justice enhancement, the district

court stated:

> Mr. Payton did attempt to obstruct justice when he stated that when the officer, as he
> alleges, pulled his gun, that pretty much did it for me, and that appears to the court
> to be a material statement that was intended to influence the court below that was
> deciding whether or not to grant or deny the motion to suppress that had been filed.
> . . . [W]hen I look at the exact testimony that's been read from the record and the
> finding by the court below that the officer's testimony was credible and Mr. Payton's
> statement that that's pretty well what did it for me, and that meaning that when the
> officer pulled his gun, that obviously in my mind was intended to influence the court
> below, and it was a materially false statement.

Although it did not use the word "willful," the district court found that Payton made a materially

false statement with the intent to influence the magistrate judge's decision on the motion to suppress.

Contrary to Payton's argument, the district court applied the correct standard—its finding

encompassed all of the factual predicates for a finding of perjury. *See United States v. Dunnigan*,

507 U.S. 87, 95 (1993) (holding that the district court's finding that "*the defendant was untruthful*

*at trial with respect to material matters* in this case" and that the untruthful testimony on material

matters was "*designed to substantially affect the outcome of the case*" was a sufficient finding of

perjury).

Payton next argues that his testimony was not willfully false but a result of confusion,

mistake, or faulty memory caused by his alcohol and drug abuse. In applying the obstruction-of-

justice enhancement based on a defendant's allegedly false testimony, "the court should be cognizant

that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty

memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to

obstruct justice." USSG § 3C1.1, cmt. n.2; *see Dunnigan*, 507 U.S. at 95 (noting that "an accused may give inaccurate testimony due to confusion, mistake, or faulty memory"). Nothing in the record indicates that Payton's alcohol and drug abuse affected his testimony at the suppression hearing. Payton testified unequivocally that the officer "pulled that gun out."

Finally, Payton contends that his testimony was not material because it could not have had an effect on the outcome of the suppression hearing, asserting that the automobile exception to the warrant requirement allowed the officer's search of the trunk regardless of whether his consent to the search was voluntary. The commentary to USSG § 3C1.1 provides: "'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, cmt. n.6. In support of his motion to suppress, Payton argued that he allowed the search of the trunk because he was coerced or threatened; therefore, Payton placed the voluntariness of his consent at issue. Payton's testimony that he decided to open the trunk "[w]hen [the officer] pulled that gun out" was clearly relevant to the consent issue and thus material, regardless of whether there was an alternative ground for denying the motion to suppress. *See United States v. Smaw*, 993 F.2d 902, 904 (D.C. Cir. 1993) ("The word material in this context means relevant—not outcome determinative.").

Because the district court properly applied the obstruction-of-justice enhancement, we AFFIRM Payton's sentence.