NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0248n.06

Case No. 16-6403

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 02, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| DAVID LEE TALLEY, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. David Lee Talley, Jr., appeals his conviction for being a felon in possession of a firearm—a firearm police discovered while executing a search warrant on Talley's home. The sole issue we must decide is whether the district court should have suppressed evidence from that search. Concluding that probable cause supported the search warrant, we AFFIRM Talley's conviction and sentence.

I.

In May 2015, Metropolitan Nashville Police Department (MNPD) Detectives Zachary Bevis and Steven Bowers visited 222 Lucile Street in Nashville, Tennessee, hoping to speak with Talley. As they approached the porch, detectives smelled unburnt marijuana, leading the officers to surmise that a considerable amount might be inside. They knocked on the door. As they waited they could hear someone moving around within the home, but no one answered.

Detectives Bevis and Bowers relayed this information to MNPD Detective Seth England a few days later, prompting England to investigate. On May 19, he visited the home and sifted through the trash placed on the curb. He recovered documents listing the 222 Lucile Street address and a small amount of marijuana in a sealed bag. His investigation also linked Talley to 222 Lucile Street as a possible resident, and he further determined that Talley's extensive criminal history included a 2006 conviction for selling cocaine.

On May 20, Detective England applied for a warrant to search 222 Lucile Street for evidence of "violations of . . . TCA Sections 39-17-401 et seq. [the Tennessee Drug Control Act of 1989]." *Id*. at 42. He attached an affidavit that stated, in part:

> On Friday May the 8th 2015 at approximately 2000 hours Detective Zachary Bevis and Detective Steven Bowers went to 222 Lucile Street Nashville, TN 37207. They were trying to make contact with David Talley Jr. . . . Detective[s] Bevis and Bowers went to the front door to speak with Mr. Talley. When they approached the front porch Det. Bowers and Bevis could smell the obvious and distinct odor of marijuana. The closer they got to the front door the stronger the odor became. . . . [T]he marijuana was fresh and not burnt. He also stated that due to the over powering [sic] smell, he thought it would be a substantial amount inside the residence. . . .
>
> On 05/19/2015 your affiant collected abandoned property at 222 Lucile Street . . . . The property was placed on the curb for trash pickup . . . . The yield from the property was a small amount of marijuana from a sealed bag . . . .
>
> During the course of my investigation there are several names associated with the residence. . . . [including] possible occupant[] . . . David Talley Jr. . . . Talley has an extensive criminal history including a guilty conviction for the sale of cocaine . . . and several other charges.

After reviewing the application, a Davidson County judge issued a search warrant the same day, finding "probable cause to believe that certain evidence of criminal activity, to wit: violations of . . . TCA Sections, 39-17-401 et seq. [Tennessee Drug Control Act of 1989], will be found" at 222 Lucile Street. When MNPD officers executed the warrant two days later, they seized a small amount of marijuana, a handgun, and ammunition from the home.

As a result of the search, the government charged Talley with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before trial, Talley moved to suppress the seized handgun, arguing that Detective England's warrant affidavit failed to establish probable cause to search 222 Lucile Street. The district court denied the motion, concluding that the affidavit demonstrated a fair probability that officers would recover marijuana from the home. *See* Tenn. Code Ann. § 39-17-418. It also held, in the alternative, that the executing officers' good-faith reliance on the warrant precluded the evidence's suppression under *United States v. Leon*, 468 U.S. 897 (1984).

In October 2015, a jury convicted Talley of the felon-in-possession charge, and the district court sentenced him to 60 months' imprisonment. This appeal followed.

II.

Talley challenges the district court's denial of his motion to suppress, arguing that the warrant to search his home was defective because Detective England's affidavit failed to show probable cause to believe that evidence of marijuana possession would be found at 222 Lucile Street.[1] And Talley further asserts that the affidavit was so lacking in indicia of probable cause that *Leon*'s "good faith exception" cannot pardon evidence seized in the tainted search.

"Whether a search warrant affidavit establishes probable cause to conduct the search is a legal question" we review de novo. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) (citing *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)). "We review deferentially the [Davidson County judge]'s decision to issue a search warrant, and may second-guess that decision only where the [judge] exercised [her] authority 'arbitrarily.'" *United States v. Church*,

---

[1] Talley also argues that the warrant failed to show probable cause of drug trafficking. The government articulates no argument to the contrary. We thus assume without deciding that the warrant lacks probable cause of marijuana distribution.

823 F.3d 351, 354 (6th Cir. 2016) (quoting *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013)). In conducting this review, "we look only to the four corners" of Detective England's affidavit. *Brooks*, 594 F.3d at 492 (citing *United States v. Pinson*, 321 F.3d 558, 565 (6th Cir. 2003)).

III.

The Fourth Amendment assures that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Since "[s]earch warrants are not directed at persons," but instead "authorize the search of 'place[s]' and the seizure of 'things,'" *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978) (second alteration in original) (citation omitted), the "critical element in a reasonable search is . . . that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought," *id.* at 556.

"[T]o establish probable cause for a search, an affidavit must show a likelihood of two things: first, that the items sought are 'seizable by virtue of being connected with criminal activity'; and second, 'that the items will be found in the place to be searched.'" *Church*, 823 F.3d at 355 (quoting *Zurcher*, 436 U.S. at 556 n.6). "The nexus between 'criminal activity' and the item to be seized is 'automatic[]' when the object of the search is 'contraband.'" *Id.* (alteration in original) (quoting *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967)). In other words, a police request to search for illegal drugs "needs to satisfy only the second showing for a valid warrant: 'a fair probability' that the drugs 'will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Detective England's affidavit showed a "fair probability" that 222 Lucile Street contained marijuana. *Id.* (quoting *Gates*, 462 U.S. at 238). "It is well established . . . that drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes." *United States v. Abernathy*, 843 F.3d 243, 251–52 (6th Cir. 2016) (citing cases). In his affidavit, Detective England stated that a trash pull uncovered a small amount of marijuana inside a sealed plastic bag. He also recounted how Detectives Bevis and Bowers smelled the "obvious and distinct" odor of unburnt marijuana when they approached the home several days earlier. Detective England further noted that Talley, a possible occupant of the residence, had an extensive criminal history, including a drug-trafficking conviction.

Talley nevertheless contests the warrant's constitutionality, relying principally on our recent decision in *Abernathy*. There, we held that a "small quantity of marijuana paraphernalia" found in the defendant's trash, 843 F.3d at 255—consisting of several marijuana roaches and plastic heat-sealed bags commonly used for drug packaging, *id.* at 247—was "insufficient, *standing alone*, to create probable cause to search [the defendant's] residence," *id.* at 256–57 (emphasis added). But *Abernathy* provides no assistance here. Detective England's affidavit— unlike the affidavit in *Abernathy*—details facts beyond the trash-pull evidence to support probable cause: namely, that Detectives Bevis and Bowers smelled a strong unburnt-marijuana odor radiating from the home, and that Talley had a prior conviction for drug trafficking.

Talley discounts the pertinence of this additional information, suggesting that none of it aids in establishing probable cause. First, he disputes the warrant affidavit's account of the marijuana odor emanating from 222 Lucile Street. He argues that the court cannot credit Detectives Bevis and Bowers's observation of an "obvious and distinct" marijuana odor because

the affidavit includes no information about their expertise in identifying the drug by its smell. In support, Talley cites *United States v. Elkins*, in which we explained that the strong odor of marijuana inside a home—when "coupled with the uncontested statement that the officers were experienced at recognizing the smell"—went "a considerable way toward establishing" the validity of a warrant to search that home. 300 F.3d 638, 659 (6th Cir. 2002). Nothing in *Elkins*, however, requires an officer to attest that he has specialized training in detecting marijuana's odor before we may give any weight to his claims of having smelled it. Nor does Talley point to case law articulating such a rule. Although more information about Detectives Bevis's and Bowers's investigatory experience and olfactory acuity would have bolstered their reports, the lack of such information does not defeat probable cause, especially given that the marijuana odor *plus* the trash-pull evidence and Talley's criminal history justified the search.

Next, Talley questions Detective England's reliance on his cocaine-trafficking conviction. He contends his conviction "does not add enough" to establish probable cause because it was over nine years old. And he also says that, even if this conviction were relevant, the officers failed to link it to 222 Lucile Street because they were uncertain Talley lived there. We are not persuaded.

Talley's drug-trafficking conviction remains germane despite its age: we have previously found similarly aged drug convictions relevant in determining probable cause to search a home for drugs or drug-trafficking paraphernalia. *See, e.g.*, *United States v. Hoang*, 487 F. App'x 239, 242–43 (6th Cir. 2012) (defendant's eight-year-old conviction for dealing ecstasy supported probable cause to search home for evidence of marijuana trafficking); *United States v. Roberson*, 332 F. App'x 290, 291, 295 (6th Cir. 2009) (defendant's nine-year-old and twelve-year-old drug

convictions helped to show probable cause); *United States v. Martin*, 526 F.3d 926, 929, 937 (6th Cir. 2008) (defendant's ten-year-old drug conviction aided in establishing probable cause).

And though it is true that Detective England referred to Talley as a "possible occupant[]" of 222 Lucile Street in the warrant affidavit, his uncertainty about Talley's residency isn't fatal to his prior conviction's relevance. What matters is whether the affidavit included sufficient information connecting Talley (with his criminal history) to 222 Lucile Street, and it did: Detective England says he verified a link between Talley and the home, and Talley presents no challenge to the veracity or credibility of this statement.

Talley offers one additional argument centering on the trash-pull evidence. He contends that, even if the small amount of marijuana from the trash pull suggested the drug's possession at 222 Lucile Street at one point in time, it failed to establish probable cause that the evidence would be found there when MNPD officers conducted the search. To the extent that Talley suggests that the trash-pull evidence is stale, we disagree. Certainly, given that "contraband is often moved from place to place, information about its whereabouts can grow stale over time," *Church*, 823 F.3d at 356, and stale information cannot support a probable cause determination, *Abernathy*, 843 F.3d at 250 (citing *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)). Here, MNPD officers recovered marijuana on May 19, the Davidson County judge issued the warrant on May 20, and MNPD officers executed it on May 22. Talley points to no case law suggesting that trash-pull evidence in these circumstances would be too stale to support probable cause.

Changing course, Talley suggests a different warrant deficiency. He says that because the affidavit's language focused on drug trafficking, not simple drug possession, the district court erred in upholding the warrant when it found probable cause to search 222 Lucile Street for

evidence of only drug possession. We disagree. Because illegal drugs like marijuana are contraband, "police have a right to seize them, pursuant to a search warrant, wherever they are likely to be present." *Church*, 823 F.3d at 355. Accordingly, for purposes of the challenged warrant, whether the police suspected that Talley "possessed marijuana, dealt marijuana, or committed some other crime" makes no difference. *Id.* What matters is that "there was a fair probability that marijuana was in the house," *id.* (citation and internal quotation marks omitted), and Detective England's affidavit demonstrated as much.

In sum, we conclude that Detective England's affidavit established probable cause to believe that police would find marijuana during a search of 222 Lucile Street.

## IV.

We AFFIRM the judgment of the district court.